ACCEPTED
071700045CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/21/2017 3:38 PM
Vivian Long, Clerk

NO. 07-17-00045-CV

IN THE
COURT OF APPEALS
FOR THE
SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/21/2017 3:38:31 PM
VIVIAN LONG
CLERK

---

CAROLINA B. ALVARADO
*APPELLANT*

VS.

JAY WADE,
*APPELLEE*

---

FROM THE 121ST DISTRICT COURT
OF TERRY COUNTY, TEXAS;

NO. 20329
HONORABLE JOHN A DIWAY, JUDGE PRESIDING

---

APPELLANT'S BRIEF

---

ORAL ARGUMENT WAIVED

LAW OFFICES OF DAVID MARTINEZ
1663 Broadway
Lubbock, Texas 79401
Telephone (806) 744-1692
Fax (806) 744-5660
dmtzlaw@aol.com

*/s/ David Martinez*
David Martinez
Texas State Bar Number: 13141650

COUNSEL FOR APPELLANT

NO. 07-17-00045-CV

IN THE
COURT OF APPEALS
FOR THE
SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

CAROLINA B. ALVARADO
*APPELLANT*

VS.

JAY WADE,
*APPELLEE*

FROM THE 121ST DISTRICT COURT
OF TERRY COUNTY, TEXAS;

NO. 20329
HONORABLE JOHN A. DIDWAY, JUDGE PRESIDING

APPELLANT'S BRIEF

## IDENTITY OF PARTIES AND COUNSEL

In order that the members of the Court may determine disqualification or recusal pursuant to Texas Rule of Appellate Procedure 38.1 (a), Appellant certified that the following is a complete list of the parties:

a.     Carolina Alvarado, Appellant

Appellant's trial and appellate counsel:
David Martinez
Law Office of David Martinez
1663 Broadway, Lubbock, Texas 79401
(806) 744-1692

i

b.      Jay Wade

Appellee's trial counsel:

Allen J. Hammons, Jr.
Attorney at Law
305A W. Broadway Street
Brownfield, Texas 79316

# TABLE OF CONTENTS

(a) IDENTITY OF PARTIES AND COUNSEL............................ i,ii

(b) TABLE OF CONTENTS................................................. iii

(c) INDEX OF AUTHORITIES............................................. iv

(d) STATEMENT OF THE CASE.......................................... 1

(e) STATEMENT REGARDING ORAL ARGUMENT................. 1

(f) ISSUE PRESENTED.................................................... 2

(g) STATEMENT OF FACTS.............................................. 3,4

(h) SUMMARY OF THE ARGUMENT.................................... 5

(i) ARGUMENT............................................................ 6

PRAYER....................................................................... 7

CERTIFICATE OF SERVICE................................................ 7

CERTIFICATE OF COMPLIANCE.......................................... 7

# INDEX OF AUTHORITIES

**Cases**                                                    **Page**

*Exxon Corp. v. Emerald Oil and Gas Co., L.C.* 348 S.W. 3rd 194, 215
(Tex. 2011).            6

*Gill v. Peterson,* S.W. ed 629, 631 (Tex. 1935).     6

*Kirby Lumber Co. v. Adams,* 127 Tex. 376, 93 S.W. 2d 382 (Tex.1936).   6

*Silver Oil and Gas, Inc. v. EOG Resources Inc.,* 246 S.W. 3rd 197
(San Antonio 2007).          6

NO. 07-17-00045-CV

IN THE
COURT OF APPEALS
FOR THE
SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

---

CAROLINA B. ALVARADO
*APPELLANT*

VS.

JAY WADE,
*APPELLEE*

---

FROM THE 121ST DISTRICT COURT
OF TERRY COUNTY, TEXAS;

NO. 20329
HONORABLE JOHN A. DIDWAY, JUDGE PRESIDING

---

APPELLANT'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

CAROLINA B. ALVARADO, Plaintiff in Cause No. 20329, in the District Court of Terry County, Texas, the Honorable John A. Didway presiding, and Appellant before the Court of Appeals, respectfully submits this brief in support of her appeal.

Pursuant to Rule 3.2 of the Rules of Appellate Procedure, the parties will be Referred to as "Appellant" and "Appellee". The record consists three (3) volumes of the Reporter's Record (R.R.).

## (d) STATEMENT OF THE CASE

This is a suit involving judgment for title to and possession of real property. Trial was before the Court on August 2, 2016.

The Court awarded Appellee the requested relief and found the boundaries as to the property in question per Appellee's survey.

Appellant timely filed a Motion for New Trial on November 8, 2016 from the judgment signed on October 28, 2016. No hearing was held on the Motion for New Trial and this appeal follows.

## (e) STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

## (f) ISSUE PRESENTED

ISSUED NO. 1.     The trial court erred in finding a boundary when the alleged "northeast corner of the survey" was not identifiable in the survey, as there was not an actual Physical Monument of Record.  (PMR)

## (g) STATEMENT OF FACTS

Jay Wade, Appellee testified he bought a tract of land known as tract 1 Bandy Subdivision, Section 114, Block T, D. & W. Rwy. Co. Survey, the City of Brownfield, Terry County, Texas on November 6, 2012. (R.R. pg. 5 lines 7-13).

This sheriff's deed, showing this tract of land was introduced without objection as P-1. (R.R. pg. 6 lines 3-6). He then had the property surveyed by Michael J. Newton and Associates and requested the Court to set the boundary lines per that survey. (R.R. Vol 2, p. 6 lines 12-15).

The surveyor James Norman Newton testified that he prepared a survey for Mr. Wade that showed the boundary description of that property. (R.R. Vol. 2, p. 4, lines 5-12). The survey was marked as P-2. (R.R. Vol. 2, p. 8, lines 16-17).

The survey showed two (2) small rectangles with the word storage written next to them that showed storage buildings encroaching on the west side of the property. (R.R. Vol. 2, p. 9, lines 1-5). The deed P-1 did not have the metes and bounds description so surveyor James N. Newton testified he had to go back to the deed before P-1 to decide the property lines. (R.R. Vol. 2, p. 9, lines 16-23). P-2 the survey and P-3, the previous deed were introduced into evidence without objection. (R.R. Vol. 2, p. 10, lines 11-13). Surveyor James N. Newton, testified that Plaintiff's Exhibit 2, the dotted line in dark, showed the legal description and he knew that another surveyor his son had done a survey and found the boundary lines to be different than the boundary lines he had ascertained. (R.R. Vol. 2, p. 11, lines 11-19).

Surveyor James N. Newton testified that he used the "northeast corner" because the deed required that is where he would begin. He had reviewed the survey done by his son and had found his son used the northwest corner of the block and built everything back to the east, relying on things that were not part of the conveyance. (R.R. Vol. 2, p. 12, lines 2-16). He further testified that the principal disagreement between his survey and that of his son was that his son started from the west and he started from the east. (R.R. Vol. 2, p. 12, lines 22-25, p. 13, lines 1-2).

3

Surveyor James N. Newton admitted he had not gone to the actual site to do the survey but had relied on his crew. (R.R. Vol. 2, p. 17, lines 13-17).

Surveyor James N. Newton, finally testified that he could find no basis for starting from the west and the only things he could do was survey the deed. (R.R. Vol. 2, p. 13, lines 13-21).

On cross-examination surveyor James N. Newton acknowledged that the alleged northeast corner marker on the deed was non-existent and was not actually visible. (R.R. Vol. 2, p. 16, lines 2-6). Carolina B. Alvarado, Appellant testified she had occupied the property next to Jay Wade since 1998, and that she had hired surveyor Michael Newton, to do a survey of her property. (R.R. Vol. 2, p. 19, lines 6-15).

Michael J. Newton, surveyor testified that he surveyed the warranty deed, Defenant's Ex-1, from Joyce Robertson to Carolina Alvarado. (R.R. Vol. 2, p. 24, lines 16-24). Michael J. Newton, stated that the storage buildings belonging to Appellant were completely within the boundary lines of her property. (R.R. Vol. 2, p. 27, lines 22-25). Michael J. Newton testified that the difference between his survey and that of his father were that he chose to believe it to be better policy to start from the northwest corner than the northeast corner because he could not see on his father's survey where he had actually begun at the "northeast corner". (R.R. Vol. 2, p. 38, lines 5-10).

So basically what James N. Newton survey showed was that he had relied on a deed, somebody else's marker and not on the northeast corner of the actual plot. (R.R. Vol. 2, p. 39, lines 7-13). When asked if his father's survey actually showed where the northeast corner would be, Michael testified there was no showing on his father's survey where the northeast corner on his survey would have started from. (R.R. Vol. 2, p. 40, lines 1-10). He further testified the he believed his father's survey contained a Physical Monument of Record Call (PMRC) that was not in the correct place. (R.R. Vol. 2, p. 33, lines 8-25).

## (h)SUMMARY OF ARGUMENT

The trial court erred in finding for the Plaintiff when his survey did not have an actual Physical Monument of Record (PMR).

## (i)ARGUMENT

When finding the lines of a survey, the cardinal rule is that the footsteps of the original surveyor, if they can be ascertained, should be followed. When trying to re-establish a boundary, the law of legal performance is as follows: order *(1) natural objects, (2) artificial objects, (3) course* and *(4) distance. See Silver Oil and Gas, Inc. v. EOG Resources Inc.*, 246 S.W. 3rd 197 (San Antonio 2007). Natural, Monuments locating corners should be given priority in locating surveys. *See Kirby Lumber Co. v. Adams*, 127 Tex. 376, 93 S.W. 2d 382 (Tex.1936).

When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue for which it did not have the burden of proof, the party must show that no evidence supports the adverse finding. *See Exxon Corp. v. Emerald Oil and Gas Co.*, L.C. 348 S.W. 3rd 194, 215 (Tex. 2011).

In the present case, since surveyor James N. Newton did not have the benefit of a Permanent Monument of Record (PMR) it calls for an interpretation of the surveyor and should not have been upheld by the Court. Michael Newton the other surveyor, testified that the deeds did call for the northeast corner, but that there was not monumentation to hold to and since the deeds did not call for monuments, that could have been the reason his survey was different from his father's survey. (R.R. Vol. 2, p. 34, lines 15-25). Therefore; without knowing what monument of record James N. Newton started with, his survey could have been wrong and therefore was not credible for the Plaintiff to meet his burden.

Since Michael Newton, could not trace his father's footsteps on the survey, his father performed, his survey was the proper one to follow. *See Gill v. Peterson*, S.W. Ed 629, 631 (Tex. 1935).

## PRAYER

Therefore, based on the above argument, Appellant requests that this Court reverse the judgment of the trial court.

Respectfully submitted,

LAW OFFICE OF DAVID MARTINEZ
1663 Broadway
Lubbock, Texas 79401
Telephone (806) 744-1692
Fax (806) 744-5660
dmtzlaw@aol.com


*/s/ David Martinez*
David Martinez
Texas State Bar No. 13141650

ATTORNEY FOR APPELLANT


## CERTIFICATE OF SERVICE

**ECF:**

I certify that a true copy of the above was forwarded to Allen J. Hammons, on this the 21st day of June, 2017 by e-file to e-mail to jimmy@hammonslawfirm.com .


*/s/ David Martinez*
David Martinez


## CERTIFICATE OF COMPLIANCE

This is to certify that Appellant's brief contains 1,778 words.


*/s/ David Martinez*
David Martinez